UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYRUS PATSON,

       Plaintiff,

v.

COUNTY OF GRAND TRAVERSE, et al.,

       Defendants.
_____/

CASE NO. 1:21-CV-912

HON. ROBERT J. JONKER

## ORDER

Plaintiff filed a Verified Complaint and Emergency Motion for Preliminary Injunction, with supporting materials, on October 28, 2021. Plaintiff seeks emergent relief precluding custodial authorities in Grand Traverse County from depriving him of access to prescription Suboxone that his physician has ordered for him to treat an opioid use disorder. Plaintiff says he expects to be sentenced to custody on November 12, 2021, and that he expects the custodial authorities to deny him access to his prescription Suboxone—though not to his other prescriptions—based only on jail policy, rather than on an alternative medical determination that the Suboxone is unnecessary or inappropriate. Plaintiff says that is what happened to him earlier this year when he was in custody on a bond violation, and he does not want to experience the extreme pain and associated decline in medical and mental health functioning all over again this time.

Plaintiff raises claims under both the Eighth Amendment and the Americans with Disabilities Act. He is not to the first to do so in similar situations. His moving papers, ECF No.6, at PageID.154 n.5, cite a number of other relatively recent cases that have resulted in agreements

or orders continuing similar medically prescribed treatments in local, state and federal custodial facilities.  In fact, according to plaintiff, even Grand Traverse County provides Suboxone and other prescribed medications to some inmates with only "short-term stays." *Id.*, at PageID.167 (with citations to record support). Moreover, in the analogous context of maintenance of prescribed psychotropic medications, the Michigan Department of Corrections recognized more than a decade ago the need to continue prescribed medications, at least until an independent medical evaluation supports a different conclusion.  *Hadix v. Caruso*, 2009 WL 891709, at *9-10 (March 31, 2009) (discussing Bridge Order mandating continuation of psychotropic medications pending medical evaluation).  The idea that commitment to custody should not disrupt a citizen's prescribed medication regimens, at least without a medically supported alternative, has both legal and practical support among not just prisoners and their physicians, but also at least some custodial authorities – including Grand Traverse County – in some situations.

Of course, managing a custodial environment presents a host of special challenges, particularly when it comes to controlled substances.  And it is important to give full consideration to those concerns, too. Plaintiff has filed his papers far enough in advance of the anticipated sentencing date to permit time for a meaningful response from the defendants.  It is clear that plaintiff and his representatives have corresponded regularly with representatives of the defendants regarding the general subject of this lawsuit.  It is not clear to the Court, though, whether plaintiff has served, or made any effort to serve, the Verified Complaint and other litigation papers just filed with the Court.  That should happen as soon as possible, and when it does, plaintiff must document that fact with a proof of service.  Defendants will have seven days from the date of service to file their response to plaintiff's Emergency Motion.

Handling prescribed medications and other treatments for a citizen transitioning to a custodial sentencing is undoubtedly best managed, not by a Court—especially on an emergent basis—but rather by agreement between that citizen's medical professionals and the custodial authorities and their own medical providers.  The Court hopes and expects there will be time, interest and opportunity for that to happen in this case, too.  But if not, the Court will make its decision on the Emergency Motion after hearing from both sides.

**IT IS SO ORDERED**.


Dated:     October 29, 2021                               /s/ Robert J. Jonker
                                                                ROBERT J. JONKER
                                                                CHIEF UNITED STATES DISTRICT JUDGE