**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CYRUS PATSON,

                Plaintiff,             Case No.: 1:21-cv-00912-JMB-RSK
                                          Hon. Jane M. Beckering

v.

GRAND TRAVERSE COUNTY,
MICHIGAN; THOMAS J. BENSLEY,
in his official capacity as Sheriff of Grand
Traverse County; MICHAEL SHEA, in his
official capacity as Undersheriff of
Grand Traverse County; and CHRIS
BARSHEFF, in his official capacity as
Administrator of Grand
Traverse County Correctional Facility,

                Defendants.

_____/

## <u>SETTLEMENT AGREEMENT</u>

On October 28, 2021, Plaintiff Cyrus Patson initiated this action against Defendants

Grand Traverse County, Michigan; Thomas J. Bensley, in his official capacity as Sheriff of

Grand Traverse County; Michael Shea, in his official capacity as Undersheriff of Grand Traverse

County; and Chris Barsheff, in his official capacity as Administrator of Grand Traverse County

Correctional Facility (collectively with Plaintiff, the "Parties"). ECF No. 1. Mr. Patson alleged

violations of the Eighth Amendment to the U.S. Constitution and the Americans with Disabilities

Act. That same day, Mr. Patson also filed a motion for temporary restraining order and a

preliminary injunction. ECF No. 5. To resolve this matter, the Parties enter into the following

agreement (the "Agreement"):

        1.       Plaintiff is scheduled to be sentenced by the 13th Circuit Court on Wednesday,

February 16, 2022 on a criminal matter. Defendants will for the duration of any incarceration

Plaintiff endures relating to this matter in the custody of any Defendant, unless medically contraindicated, provide Plaintiff with maintenance pharmaceutical treatment for opioid use disorder using the medication approved by the FDA under the brand name Sublocade.

2.      Defendants will ensure that Mr. Patson receives Sublocade on a schedule and at a dosage that is medically prescribed, as described in ¶¶ 3–4.

3.      The Medical Director of the Grand Traverse County Jail (the Jail) or their designee will administer the medically prescribed dosage of Sublocade to Mr. Patson on a monthly treatment schedule during the time he is incarcerated in the Jail. The injection will be administered at the Jail by a qualified medical professional in compliance with all applicable laws and regulations.

4.      The cost for Mr. Patson's Sublocade treatment during the time he is incarcerated in the Jail will be borne by Grand Traverse County.

5.      Defendants acknowledge that Plaintiff plans to obtain a dose of Sublocade shortly before any incarceration in the Jail.  In the event that Plaintiff, for any reason, is not able to receive his first dose of Sublocade before being incarcerated, Plaintiff shall notify Defendants of that fact no later than Friday, February 11, 2022. Upon receiving such notice, Defendants must arrange for Plaintiff to receive his first dose of Sublocade, in accordance with ¶¶ 1–4 above, within the first 24 hours of his incarceration unless medically contraindicated.

6.      Defendants may stop providing Sublocade to Plaintiff only if a determination is made by the Medical Director of the Jail, on proper medical grounds, that Sublocade is no longer a medically appropriate treatment for Plaintiff's opioid use disorder.  Such a determination must be articulated to Plaintiff's counsel, along with any supporting documentation or medical records, immediately and no later than one week prior to the implementation of any change to

Plaintiff's medication.

7.      Defendants agree to notify Plaintiff's counsel of any changes made to the Jail's or its medical provider's policies regarding treatment of incarcerated persons with opioid use disorder at the Jail.  In the event that such a revised policy provides for the administration of the medication approved by the FDA under the brand name Suboxone, either in sublingual tablet or film dosage form, or generic equivalents thereto, Plaintiff will be permitted to receive Suboxone instead of Sublocade if the Jail's Medical Director, in consultation with Plaintiff's personal physician (currently Dr. Kelly J. Clark), determines that Suboxone is a proper course of treatment for Plaintiff at that time.

8.      In full satisfaction of Plaintiff's claim for attorneys' fees and costs, Defendants agree to pay Plaintiffs' counsel $24,999.99.  Such payment shall be made payable to an account as directed by Plaintiff's counsel within 10 days of full execution of this Settlement Agreement. In the event the Settlement Agreement is not executed by the Defendants, this Agreement shall be null and void, the dismissal agreed to in ¶12 will be vacated, and this litigation will immediately be reinstated upon notice to the federal district court by either Party.

9.      Plaintiff hereby releases Defendants from any and all claims arising from his incarceration at the Jail in June of 2021.

10.      In the event that Plaintiff is arrested and lodged at the Jail or sentenced to be incarcerated in the Jail in connection with any other matter in the future, Defendants will provide him with Sublocade throughout his incarceration, so long as he is still being prescribed and receiving treatment for Opioid Use Disorder at the time of his incarceration, and so long as such treatment is not medically contraindicated. Consistent with Paragraph 10, if the policies in effect at the time allow for treatment with Suboxone (or a generic equivalent), Defendants will provide

Suboxone in place of Sublocade if that is the treatment being prescribed to Plaintiff at the time so long as such treatment is not medically contraindicated.

11.     Any notices to Plaintiff's counsel required under this Agreement shall be made via email to Syeda Davidson (sdavidson@aclumich.org), Philip Mayor (pmayor@aclumich.org), and Alexandra Valenti (avalenti@goodwinlaw.com).

12.     Within a reasonable time following the execution of this Agreement, the Parties shall file a stipulation and proposed order dismissing the case against Defendants with prejudice, with the condition that the Court, in its order of dismissal, expressly retain jurisdiction to enforce this Agreement.  A copy of this Agreement shall be filed as an exhibit to the stipulation and/or proposed order.

13.     The provisions of this Agreement embody and reflect the entire understanding of the Parties and there are no representations, warranties, or undertakings other than those set forth in this Agreement.  The provisions of this Agreement shall not be modified or amended in any way except by writing signed by all Parties.

14.     This Agreement shall become effective upon the last date of execution of the Agreement by either Party below.

15.     In the event that Mr. Patson is not sentenced to incarceration in the Jail on the criminal matter for which he currently faces sentencing in February 2022, this Agreement shall be deemed terminated with the exception of paragraphs 8 – 10 and 12 – 14.

Date:  1 . 17 . 22                       By: _____

                                                   Cyrus Patson
                                                   *Plaintiff*

Date:                                   By: _____

                                        Nate Alger, County Administrator
                                        Grand Traverse County

Open.23413.15409.27880153-1

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CYRUS PATSON,

                Plaintiff,

v.

GRAND TRAVERSE COUNTY,
MICHIGAN; THOMAS J. BENSLEY,
in his official capacity as Sheriff of Grand
Traverse County; MICHAEL SHEA, in his
official capacity as Undersheriff of
Grand Traverse County; and CHRIS
BARSHEFF, in his official capacity as
Administrator of Grand
Traverse County Correctional Facility,

                Defendants.

Case No.:  1:21-cv-00912-JMB-RSK
Hon. Jane M. Beckering

_____/

**SETTLEMENT AGREEMENT**

On October 28, 2021, Plaintiff Cyrus Patson initiated this action against Defendants

Grand Traverse County, Michigan; Thomas J. Bensley, in his official capacity as Sheriff of

Grand Traverse County; Michael Shea, in his official capacity as Undersheriff of Grand Traverse

County; and Chris Barsheff, in his official capacity as Administrator of Grand Traverse County

Correctional Facility (collectively with Plaintiff, the "Parties"). ECF No. 1. Mr. Patson alleged

violations of the Eighth Amendment to the U.S. Constitution and the Americans with Disabilities

Act. That same day, Mr. Patson also filed a motion for temporary restraining order and a

preliminary injunction. ECF No. 5. To resolve this matter, the Parties enter into the following

agreement (the "Agreement"):

      1.      Plaintiff is scheduled to be sentenced by the 13th Circuit Court on Wednesday,

February 16, 2022 on a criminal matter. Defendants will for the duration of any incarceration

Plaintiff endures relating to this matter in the custody of any Defendant, unless medically contraindicated, provide Plaintiff with maintenance pharmaceutical treatment for opioid use disorder using the medication approved by the FDA under the brand name Sublocade.

2.       Defendants will ensure that Mr. Patson receives Sublocade on a schedule and at a dosage that is medically prescribed, as described in ¶¶ 3–4.

3.       The Medical Director of the Grand Traverse County Jail (the Jail) or their designee will administer the medically prescribed dosage of Sublocade to Mr. Patson on a monthly treatment schedule during the time he is incarcerated in the Jail. The injection will be administered at the Jail by a qualified medical professional in compliance with all applicable laws and regulations.

4.       The cost for Mr. Patson's Sublocade treatment during the time he is incarcerated in the Jail will be borne by Grand Traverse County.

5.       Defendants acknowledge that Plaintiff plans to obtain a dose of Sublocade shortly before any incarceration in the Jail.  In the event that Plaintiff, for any reason, is not able to receive his first dose of Sublocade before being incarcerated, Plaintiff shall notify Defendants of that fact no later than Friday, February 11, 2022. Upon receiving such notice, Defendants must arrange for Plaintiff to receive his first dose of Sublocade, in accordance with ¶¶ 1–4 above, within the first 24 hours of his incarceration unless medically contraindicated.

6.       Defendants may stop providing Sublocade to Plaintiff only if a determination is made by the Medical Director of the Jail, on proper medical grounds, that Sublocade is no longer a medically appropriate treatment for Plaintiff's opioid use disorder.  Such a determination must be articulated to Plaintiff's counsel, along with any supporting documentation or medical records, immediately and no later than one week prior to the implementation of any change to Plaintiff's medication.

2

7.      Defendants agree to notify Plaintiff's counsel of any changes made to the Jail's or its medical provider's policies regarding treatment of incarcerated persons with opioid use disorder at the Jail.  In the event that such a revised policy provides for the administration of the medication approved by the FDA under the brand name Suboxone, either in sublingual tablet or film dosage form, or generic equivalents thereto, Plaintiff will be permitted to receive Suboxone instead of Sublocade if the Jail's Medical Director, in consultation with Plaintiff's personal physician (currently Dr. Kelly J. Clark), determines that Suboxone is a proper course of treatment for Plaintiff at that time.

8.      In full satisfaction of Plaintiff's claim for attorneys' fees and costs, Defendants agree to pay Plaintiffs' counsel $24,999.99.  Such payment shall be made payable to an account as directed by Plaintiff's counsel within 10 days of full execution of this Settlement Agreement. In the event the Settlement Agreement is not executed by the Defendants, this Agreement shall be null and void, the dismissal agreed to in ¶12 will be vacated, and this litigation will immediately be reinstated upon notice to the federal district court by either Party.

9.      Plaintiff hereby releases Defendants from any and all claims arising from his incarceration at the Jail in June of 2021.

10.     In the event that Plaintiff is arrested and lodged at the Jail or sentenced to be incarcerated in the Jail in connection with any other matter in the future, Defendants will provide him with Sublocade throughout his incarceration,  so long as he is still being prescribed and receiving treatment for Opioid Use Disorder at the time of his incarceration, and so long as such treatment is not medically contraindicated. Consistent with Paragraph 10, if the policies in effect at the time allow for treatment with Suboxone (or a generic equivalent), Defendants will provide Suboxone in place of Sublocade if that is the treatment being prescribed to Plaintiff at the time so long as such treatment is not medically contraindicated.

3

11.     Any notices to Plaintiff's counsel required under this Agreement shall be made via email to Syeda Davidson (sdavidson@aclumich.org), Philip Mayor (pmayor@aclumich.org), and Alexandra Valenti (avalenti@goodwinlaw.com).

12.     Within a reasonable time following the execution of this Agreement, the Parties shall file a stipulation and proposed order dismissing the case against Defendants with prejudice, with the condition that the Court, in its order of dismissal, expressly retain jurisdiction to enforce this Agreement. A copy of this Agreement shall be filed as an exhibit to the stipulation and/or proposed order.

13.     The provisions of this Agreement embody and reflect the entire understanding of the Parties and there are no representations, warranties, or undertakings other than those set forth in this Agreement. The provisions of this Agreement shall not be modified or amended in any way except by writing signed by all Parties.

14.     This Agreement shall become effective upon the last date of execution of the Agreement by either Party below.

15.     In the event that Mr. Patson is not sentenced to incarceration in the Jail on the criminal matter for which he currently faces sentencing in February 2022, this Agreement shall be deemed terminated with the exception of paragraphs 8 – 10 and 12 – 14.


Date:                                           By: _____

                                                Cyrus Patson
                                                *Plaintiff*

Date:   *1-18-22*                               By: _____

                                                Nate Alger, County Administrator
                                                Grand Traverse County


4

Open.23413.15409.27880153-1